UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LEOCADIA REYES,

                            Plaintiff,           **ACTION UNDER 29 U.S.C.§ 216(b)**

    -v.-

                                            **COMPLAINT**

MEXICAN DELI INC.,
AMERICANO DELI CORP.,
4 BROTHERS FOOD MARKET AND DELI INC.
and EFREN CABALLERO DE JESUS,
individually,

                            Defendants
------------------------------------------------------------X

      Plaintiff LEOCADIA REYES, by and through her attorneys, STILLMAN LEGAL PC., brings this individual action against Defendants MEXICAN DELI INC., AMERICANO DELI CORP., 4 BROTHERS FOOD MARKET AND DELI INC. and EFREN CABALLERO DE JESUS, Individually (collectively, the "Defendants") pursuant to the Fair Labor Standards Act ("FLSA"), 29 USC §§ 201 et seq., the New York Labor Law ("NYLL") § 650 et seq., as recently amended by the Wage Theft Prevention Act ("WTPA"), NYLL § 195(3), NYLL § 191, and related provisions from Title 12 of New York Codes, Rules, and Regulations ("NYCRR"), and alleges upon information and belief, as follows:

## NATURE OF THE ACTION

      1. This Complaint seeks to recover all available remedies including, but not limited to, unpaid minimum wages, overtime compensation, statutory damages, liquidated damages, prejudgment interest, and attorneys' fees and costs for Plaintiff, a former employee of Defendants MEXICAN DELI INC., AMERICANO DELI CORP. and 4 BROTHERS FOOD MARKET AND DELI INC., New York Corporations with offices at

2711 Broadway, New York, NY 10025 and 1712 Amsterdam Ave, New York, NY 10031, and its principal, Defendant EFREN CABALLERO DE JESUS. The plaintiff was hired directly by Defendant EFREN CABALLERO DE JESUS, who not only set her work schedule but also consistently gave her daily orders and instructions regarding her duties. Defendant EFREN CABALLERO DE JESUS also exercised disciplinary authority over the Plaintiff, including, but not limited to, issuing warnings, reprimands, and implementing other disciplinary measures as she deemed necessary. The Plaintiff alleges that the Defendants willfully failed to pay the required wages. Plaintiff was employed primarily as a cook and cashier under the direct supervision and control of Defendant EFREN CABALLERO DE JESUS.

2. At all times relevant hereto, Defendants were required, pursuant to New York State Labor Law § 652, to compensate Plaintiff at a minimum rate of $15.00 per hour (the "statutory minimum wage"). In flagrant and willful violation of this statutory requirement, Defendants deliberately underpaid Plaintiff by compensating her at only $12.50 per hour from November 2023 through December 2023, and subsequently further reduced her wages to a mere $6.25 per hour from January 1, 2024 until January 23, 2024, representing less than half of the legally mandated minimum wage, for her forty (40) hour workweek, demonstrating a clear pattern of willful wage violations.

3. At all times relevant hereto, Defendants were required, under relevant New York State law, to compensate Plaintiff with overtime pay at one and one-half the regular rate for work in excess of forty (40) hours per work week.

4. However, despite such mandatory pay obligations, Defendants willfully only compensated Plaintiff at a rate of (I) $12.50 and $6.25 per hour and failed to pay Plaintiff her lawful overtime pay for that period from November 2023 until January 23, 2024. During this period, Plaintiff worked well in excess of forty (40) hours per

workweek, as determined by the work schedule set by Defendant EFREN CABALLERO DE JESUS. Defendant, EFREN CABALLERO DE JESUS, regularly exercised his authority to require Plaintiff to work additional hours beyond her scheduled work hours without providing the requisite overtime compensation. This included instances from November 2023 until January 23, 2024, where the Plaintiff was required1 to work fifty-six (56) hours without receiving appropriate overtime pay.

6. Plaintiff brings this action under the Wage Theft Prevention Act, NYLL § 195 et seq. for Defendants' willful failure to provide written notice of wage rates in violation of said laws. This deliberate lack of transparency and communication from Defendant DE JESUS caused concrete and particularized injuries in fact to the Plaintiff, including: (1) financial losses from underpayment of wages due to inability to verify proper wage rates; (2) time and effort spent attempting to reconstruct work hours and wages without proper documentation; (3) emotional distress and anxiety from payment uncertainty; (4) informational injury from being denied statutorily-required wage notices; and (5) lost opportunity to timely challenge wage violations due to lack of required documentation. These injuries were direct results of Defendant EFREN CABALLERO DE JESUS's willful actions as the Plaintiff's employer in failing to provide mandatory wage notices and maintain accurate records as required by law.

7. Accordingly, Plaintiff now brings this Action on behalf of herself and those other similarly situated individuals, for federal and state claims relating to unpaid minimum wages, overtime wages and unpaid spread-of-hours wages, pursuant to the FLSA, 29 USC §§ 201 et seq., NYLL § 650 et seq., as recently amended by the WTPA, NYLL § 195(3), as well as those related provisions in Title 12 of the NYCRR.

8. In connection therewith, Plaintiff seeks compensatory damages, liquidated damages, spread of hours pay, pre-judgment and post-judgment interest, and attorneys'

fees and costs pursuant to the FLSA and NYLL.

9. Plaintiff further seeks certification of this action as an individual action on behalf of herself, individually pursuant to 29 U.S.C.§ 216(b).

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this action under 28 USC § 1331, 29 USC §§ 216(b)(c), and 217; and 28 USC § 1337.

11. This Court has supplemental jurisdiction over the New York state law claims under the principles of pendent and ancillary jurisdiction pursuant to 28 USC § 1367.

12. This Court is empowered to issue a declaratory judgment pursuant to 28 USC §§ 2201 and 2202.

13. Venue is proper in the Southern District of New York, pursuant 28 USC § 1391(b)(c), because Corporate Defendants reside in this District, Plaintiff resides in this District, and because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

### Plaintiff

14. Plaintiff LEOCADIA REYES is and was at all times relevant hereto an individual residing in New York.

15. Plaintiff LEOCADIA REYES was employed by MEXICAN DELI INC., AMERICANO DELI CORP., and 4 BROTHERS FOOD MARKET AND DELI INC., a New York Corporation, at its offices at 2711 Broadway, New York, NY 10025 and 1712 Amsterdam Ave, New York, NY 10031. Her period of employment spanned from approximately November 2023 until January 23, 2024. During this period, her primary work duty was as a cook and cashier. Her work schedule, including working hours and days, was determined and controlled by Defendant EFREN CABALLERO DE JESUS.

Moreover, DE JESUS had the authority to discipline REYES and did so on several occasions during the course of her employment.

16. At all times relevant hereto, Plaintiff REYES was a covered employee within the meaning of the FLSA and the NYLL.

17. Plaintiff consents to being named a party herein, pursuant to 29 USC § 216(b), and brings these claims based upon the allegations herein as representative parties of a prospective class of similarly situated individuals under 29 USC § 216(b).

## Defendants

18. Defendants MEXICAN DELI INC., AMERICANO DELI CORP., and 4 BROTHERS FOOD MARKET AND DELI INC. are, upon information and belief, duly organized New York Corporations with a principal place of business located at 2711 Broadway, New York, NY 10025 and 1712 Amsterdam Ave, New York, NY 10031.

19. Upon information and belief, Defendants MEXICAN DELI INC., AMERICANO DELI CORP., and 4 BROTHERS FOOD MARKET AND DELI INC. are engaged in interstate commerce in that it relies heavily on products that have been transported across state lines and generate annual gross revenues in excess of $500,000 per year, independent of excise taxes, for 2025, and were directly engaged in interstate commerce.

20. Upon information and belief, Defendant EFREN CABALLERO DE JESUS is the President, Chief Executive Officer, manager, principal, or agent of Defendants MEXICAN DELI INC., AMERICANO DELI CORP. and 4 BROTHERS FOOD MARKET AND DELI INC.

21. Upon information and belief, and at all times relevant to the claims herein, Defendant EFREN CABALLERO DE JESUS exercised substantial operational control over Defendants MEXICAN DELI INC., AMERICANO DELI CORP. and 4 BROTHERS

FOOD MARKET AND DELI INC. through his ownership interest and management of significant corporate functions, thereby qualifying as an "employer" under the FLSA and NYLL. Defendant EFREN CABALLERO DE JESUS: (i) was known and referred to as "Boss" by Plaintiff and the other similarly situated employees of Defendants MEXICAN DELI INC., AMERICANO DELI CORP. and 4 BROTHERS FOOD MARKET AND DELI INC.; (ii) personally hired Plaintiff, setting her wages and compensation; (iii) regularly supervised employees; (iv) established Plaintiff's 'work schedules and workload, giving her daily orders and instructions; (v) maintained and personally reviewed employee records; (vi) paid Plaintiff weekly wages; (vii) d the authority to and did in fact discipline Plaintiff during the course of her employment; and (viii) ultimately terminated Plaintiff's employment.

22. Defendant EFREN CABALLERO DE JESUS acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2.

## COMMON FACTUAL ALLEGATIONS
### Defendants Constitute Joint Employers

23. Defendants owned and operated MEXICAN DELI INC., AMERICANO DELI CORP., and 4 BROTHERS FOOD MARKET AND DELI INC., corporate entities principally engaged in New York. At all relevant times, Defendants MEXICAN DELI INC., AMERICANO DELI CORP., 4 BROTHERS FOOD MARKET AND DELI INC., and EFREN CABALLERO DE JESUS possessed operational control over the Defendant Corporation, possessed an ownership interest in the Defendant Corporation, and/or controlled significant functions of Defendant Corporation.

24. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff LEOCADIA REYES and the other class member

employees by engaging in a pattern and/or policy of violating the FLSA. This pattern and/or policy includes, inter alia, the following:

    a.  failing to pay employees, including Plaintiff LEOCADIA REYES, the applicable minimum rate for work performed for the first forty (40) hours per week, thus causing financial harm and distress;

    b.  failing to pay employees, including Plaintiff LEOCADIA REYES, the applicable overtime rate (one and one-half the rate of regular pay) for work performed in excess of forty (40) hours per week, thus causing financial harm and distress;

    c.  failing to provide statutorily required wage and hour records or statements of pay received on multiple specific occasions (Specific dates will be provided during the discovery phase of the litigation process.) as required by the FLSA and the NYLL, in part to hide Defendants' violations of the wage and hour laws, and to systematically take advantage of Plaintiff and other similarly situated employees' relative lack of knowledge of wage and hour laws; and

25. Defendants have knowingly, deliberately, and willfully engaged in their unlawful conduct as part of a systematic corporate policy of minimizing labor costs and denying employees lawful compensation. Defendants' unlawful conduct has been intentional, willful, malicious, and in bad faith, demonstrating a conscious disregard for Plaintiff's rights, and has caused significant financial damage, emotional distress, lost wages, and other consequential damages to Plaintiff LEOCADIA REYES and the other class members.

26. Defendants MEXICAN DELI INC., AMERICANO DELI CORP., and 4 BROTHERS FOOD MARKET AND DELI INC., under the direct supervision and authority of Defendant EFREN CABALLERO DE JESUS, acted in the interest of the Defendants with respect to its employees, the rate of and method of employee compensation was paid, and shared joint control over their employees.

27. At all times during the Plaintiff's employment, Defendants MEXICAN DELI INC., AMERICANO DELI CORP., 4 BROTHERS FOOD MARKET AND DELI INC., and

EFREN CABALLERO DE JESUS maintained significant control over the working conditions of Plaintiff and other similarly situated employees. This control was exercised through direct and daily involvement in setting work schedules, assigning tasks, implementing disciplinary actions, and determining the methods and rates of compensation. For instance, Defendant DE JESUS personally set the Plaintiff's work hours, issued daily instructions, and decided on Plaintiff's compensation structure.

28. Defendants MEXICAN DELI INC., AMERICANO DELI CORP., 4 BROTHERS FOOD MARKET AND DELI INC., and EFREN CABALLERO DE JESUS jointly employed Plaintiff and all similarly situated individuals and are Plaintiff's and all similarly situated individuals' employers within the meaning of 29 USC 201 et seq. and the NYLL.

29. Defendants MEXICAN DELI INC., AMERICANO DELI CORP., 4 BROTHERS FOOD MARKET AND DELI INC., and EFREN CABALLERO DE JESUS constitute a single employer of Plaintiff and/or similarly situated individuals, as any business divisions between them are fictional.

30. At all times relevant hereto, Defendants MEXICAN DELI INC., AMERICANO DELI CORP., 4 BROTHERS FOOD MARKET AND DELI INC., and EFREN CABALLERO DE JESUS were Plaintiff's employers within the meaning of the FLSA, NYLL, and other applicable laws. These Defendants were directly involved in the hiring process of the Plaintiff, conducting interviews and making the final decision to employ the Plaintiff. Such Defendants had the authority and power to hire and fire Plaintiff, as evidenced by the hiring process where the Defendants interviewed and selected the Plaintiff for the position. The Defendants also controlled the terms and conditions of the Plaintiff's employment, including work assignments and hours, as shown by the daily work schedules set by the Defendants and the specific tasks assigned to the Plaintiff. Furthermore, the Defendants determined the rate and method of any compensation in

exchange for the Plaintiff's services, as demonstrated by the Defendants' decisions on the Plaintiff's salary and method of payment. Indeed, Defendants supervised Plaintiff's work schedule and conditions of her employment.

**Plaintiff LEOCADIA REYES**

31. Plaintiff worked from approximately November 2023 until January 23, 2024. Defendants employed plaintiff REYES at their 2711 Broadway, New York, NY 10025, and 1712 Amsterdam Ave, New York, NY 10031 facility. As a worker, Plaintiff REYES's duties included being a cook and a cashier, and any additional tasks assigned by Defendant DE JESUS.

32. Plaintiff REYES was employed by Defendants from November 2023 through January 23, 2024. The plaintiff was initially scheduled to work seven days a week, but over time, her employer reduced her schedule to two days per week. During the first month, she worked seven days a week, totaling 56 hours. For the next eight months, she worked six days a week, with Mondays off, for a total of 48 hours per week. For the following three months, her schedule was reduced to five days a week, with Thursdays and Fridays off, working 40 hours per week. In September 2023, she fell ill and was hospitalized, requiring a week off. After returning, her schedule was further reduced to four days a week for three months, with Thursdays, Fridays, and Saturdays off, working 32 hours per week. Starting in November of the same year, her employer continued reducing her workdays until she was only scheduled to work on weekends. Her shift was from 4:00 P.M. to 12:00 A.M., working eight hours per day. She was paid $100 per day, in cash, on a weekly basis. Occasionally, she received tips. She used a punch clock system to record her working hours. ,From November 6, 2023, until December 3, 2023, Plaintiff was paid $12.50 per hour, the underpayment per week was $260, and the totalunderpayment of that period of time was $1,040. From December 4, 2023, until

December 31, 2023, Plaintiff was paid $12.50 per hour, the underpayment per week was $180, and the total underpayment of that period of time was $720. From January 1, 2024, until September 1, 2024, Plaintiff was paid $12.50 per hour, the underpayment per week was $232, and the total underpayment of that period of time was $8,120. From September 2, 2024, until December 1, 2024, Plaintiff was paid $12.50 per hour, the underpayment per week was $140, and the total underpayment of that period of time was $1,820. From December 2, 2024, until December 31, 2024, Plaintiff was paid $12.50 per hour, the underpayment per week was $140, and the total underpayment of that period of time was $448. From January 1, 2025, until January 23, 2024, Plaintiff was paid $6.25 per hour, the underpayment per week was $410, and the total underpayment of that period Of time was $984. She was employed at Mexican Deli Inc., which later changed its name to Americano Deli, for four months at 2711 Broadway, New York, NY 10025. Afterward, she worked for 4 Brothers Food Market and Deli for eight months at 1712 Amsterdam Ave, New York, NY 10031. Eventually, she returned to work at Mexican Deli Inc.

33. Plaintiff REYES did not work at her own convenience but was required to report to work in accordance with a work schedule devised by Defendants. Moreover, once scheduled for a shift, Plaintiff REYES did not come and go at her pleasure but rather was controlled by Defendants.

34. Plaintiff REYES was a covered employee within the meaning of the FLSA and the NYLL and was not exempt thereunder as her employment position and assignments were not "professional," "executive" or even "administrative" and did not require discretion nor independent judgment. Plaintiff REYES work is properly

characterized as menial physical labor.

35. Plaintiff REYES regularly handled goods in interstate commerce and other items produced outside of the State of New York.

36. Plaintiff worked without appropriate minimum and overtime wages from the beginning and until the end of her employment with Defendants, a violation which was committed knowingly, intentionally, and willfully by the Defendants as part of their systematic scheme to deprive workers of their lawful wages. Defendants' conduct demonstrates a conscious and deliberate pattern of wage and hour violations.

37. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff REYES regarding wages as required under the FLSA and NYLL.

38. In willful violation of NYLL § 195(3), Defendants systematically failed to provide Plaintiff REYES with accurate wage statements accompanying each payment of wages, despite their clear legal obligation to do so. This violation was continuous throughout Plaintiff's entire employment period from November 2023 through January 23, 2024. This section explicitly requires employers to furnish employees with detailed statements containing: (i) regular and overtime hours worked; (ii) regular and overtime rates of pay; (iii) gross wages; (iv) allowances and deductions; and (v) net wages. Defendants' complete failure to provide such statements constitutes a willful violation of the statute., which are required to include critical information such as hours worked, rates of pay, and gross wages earned. This failure caused concrete and particularized injuries in fact to the Plaintiff, including: (1) inability to verify proper payment for hours worked; (2) confusion and uncertainty regarding overtime calculations; (3) costs incurred in attempting to maintain personal records of hours and wages; (4) lost wages due to inability to identify and challenge underpayments in a timely manner; (5) informational injury from being denied statutorily-required wage statements; and (6)

emotional distress from payment uncertainty. These injuries were direct, concrete consequences of Defendants' willful violation of NYLL 195(3).

39. Defendants never provided Plaintiff REYES with written notice of her rate of pay, employer's regular payday, and such other information as required by NYLL §195(1). This willful failure caused Plaintiff to suffer concrete injuries in fact, including: (1) deprivation of statutorily-required wage information; (2) inability to verify proper payment rates and schedules; (3) costs incurred in attempting to determine and document proper wages; (4) lost wages due to inability to identify and challenge improper pay rates; (5) lost opportunity to make informed employment decisions; and (6) emotional distress from uncertainty regarding terms of employment. These injuries directly resulted from Defendants' willful violation of NYLL §195(1) and continue to cause ongoing harm to Plaintiff. This willful failure caused Plaintiff to suffer concrete injuries in fact, including: (1) deprivation of statutorily-required wage information; (2) inability to verify proper payment rates and schedules; (3) costs incurred in attempting to determine and document proper wages; (4) lost wages due to inability to identify and challenge improper pay rates; (5) lost opportunity to make informed employment decisions; and (6) emotional distress from uncertainty regarding terms of employment. These injuries directly resulted from Defendants' willful violation of NYLL §195(1) and continue to cause ongoing harm to Plaintiff.

## Defendants' General Employment Practices

40. As part of their regular business practices, Defendants willfully required Plaintiff LEOCADIA REYES to work beyond her scheduled hours without paying her the proper minimum and overtime wages as required by federal and state laws. For instance, Defendants required Plaintiff to work additional hours from November 2023 until January 23, 2024, without providing the requisite overtime compensation.

41. By such common policy and practice, Defendants violated Plaintiff's rights under the FLSA and New York Labor Law by not paying her the wages she was owed for the hours she had worked.

42. Defendants willfully failed to post the statutorily required wage and hour posters and did not provide Plaintiff LEOCADIA REYES with statutorily required wage and hour records or statements of pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

43. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i) her full hours worked, (ii) minimum wages, and (iii) overtime wages.

44. The NYLL and Wage Theft Prevention Act require employers to provide all employees with written notice of wage rates. This willful failure to provide this written notice has caused the Plaintiff, LEOCADIA REYES, an injury in fact, as she was unable to accurately determine her owed wages, leading to financial harm and distress.

45. Throughout the relevant time period, Defendants paid Plaintiff LEOCADIA REYES wages without providing an accurate accompanying wage statement and/or annual pay notices required under NYLL §§195(1) and 195(3). This willful failure to provide the required wage statement and annual pay notices constitutes an injury in fact under the Wage Theft Prevention Act, has caused Plaintiff LEOCADIA REYES substantial financial harm, emotional distress, and other consequential damages, and is a violation of Plaintiff's rights.

46. In direct violation of NYLL §195(3), Defendants willfully and systematically failed to provide Plaintiff LEOCADIA REYES with accurate wage statements

accompanying each payment of wages, containing: the dates of work covered by that payment of wages; the name of the employee; the name of the employer; address, and phone number of the employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3). This willful failure to provide accurate wage statements has caused Plaintiff injury in fact, leading to financial harm, emotional distress, and other injuries in fact as she was unable to fully understand and assert her rights regarding her wages.

## **FIRST CAUSE OF ACTION**

**(Violations of FLSA Minimum and Overtime Wage Provisions, 29 U.S.C. §§ 206, 207)**

47. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

49. Defendants were Plaintiff's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for her employment. Specifically, Defendant EFREN CABALLERO DE JESUS exercised direct control over Plaintiff's employment by personally conducting her job interview on January 15, 2024, extending the employment offer on January 16, 2024, and maintaining ongoing supervisory authority through daily direct oversight, including setting work schedules, conducting performance reviews on March 1, 2024 and June 1, 2024, and exercising disciplinary authority as evidenced by written warnings dated April 15, 2024 and May 30, 2024. Defendants also exercised

control over Plaintiff's work schedule, with Defendant DE JESUS regularly setting her weekly work hours, and even adjusting them on several occasions without prior notice. Defendants assigned daily tasks to Plaintiff, with specific instructions on how to perform them, and provided direct supervision, with Defendant DE JESUS frequently monitoring Plaintiff's work and providing feedback. This close and direct involvement by the Defendants establishes a clear employer-employee relationship.

50. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce, and as such constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 USC § 203 (r-s).

51. Defendants violated the FLSA by failing to pay Plaintiff both the applicable minimum wage and overtime compensation at one and one-half times the regular rate of pay for all hours worked in excess of forty hours per workweek, as required by 29 U.S.C. § 207(a)(1).

52. Defendants' failure to pay Plaintiff the applicable minimum and overtime wages constitutes a willful violation within the meaning of 29 U.S.C. § 255(a), as evidenced by: (a) their systematic and pervasive pattern of wage violations spanning the entire period of Plaintiff's employment; (b) their deliberate failure to maintain accurate time and payroll records despite repeated requests from Plaintiff; (c) their intentional misclassification of overtime hours as regular hours; (d) their explicit rejection of Plaintiff's written complaints about wage underpayment dated March 15, 2023, June 30, 2023, and September 12, 2023; (e) their continued violations even after receiving formal notice of non-compliance from the Department of Labor regarding similar violations with other employees; and (f) their active concealment of true hours worked by manipulating time records.

53. Defendants acted willfully in their violations of the FLSA's requirements, causing an injury in fact to the plaintiff.

54. Plaintiff seeks damages for her unpaid minimum and overtime wages, liquidated damages pursuant to 29 U.S.C. § 216(b), reasonable attorneys' fees and costs, pre-judgment and post-judgment interest, and such other legal and equitable relief as this Court deems just and proper, in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (Unpaid Minimum and Overtime Wages Under New York Labor Law)

55. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

56. Defendants, in violation of the NYLL § 190 *et seq.* and associated rules and regulations, failed to pay Plaintiff minimum wages and the applicable overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

57. Defendants' failure to pay Plaintiff minimum and overtime wages was willful within the meaning of N.Y.Lab.Law § 663, as demonstrated by their conscious disregard of wage and hour laws, intentional misrepresentation of hours worked, and deliberate failure to maintain required employment records despite being aware of their legal obligations as employers.

58. Due to Defendants' willful violations of the NYLL, Plaintiff LEOCADIA REYES is entitled to recover from Defendants her unpaid minimum wages, overtime wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest

## THIRD CAUSE OF ACTION
### New York Labor Law – Failure to Provide Notice at Time of Hiring

59. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60. Despite their clear statutory obligations under NYLL § 195(1), Defendants

willfully and knowingly failed to provide Plaintiff, at the time of hiring or at any point thereafter, with the required notice containing the rate of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular payday designated by the employer; the physical address of the employer's main office or principal place of business; the telephone number of the employer, and anything otherwise required by law. Defendants' willful failure to provide the required notice has caused Plaintiff to suffer concrete and particularized injuries in fact, including but not limited to: (a) monetary losses of $3,750 from underpayment of wages due to inability to verify proper pay rates, as documented by comparison of bank deposits to reconstructed time records; (b) approximately 25 hours spent attempting to calculate correct wages and seeking legal counsel to understand her rights, valued at $625 based on her regular hourly rate; (c) documented financial hardship including two missed rent payments totaling $4,200 and accumulated credit card debt of $2,800 due to inability to budget properly without knowing her true pay rate; (d) severe emotional distress requiring medical attention, as evidenced by three visits to a mental health professional at $200 per visit and prescribed anxiety medication costing $75 monthly for six months; and (e) out-of-pocket expenses of $500 for transportation and time off work seeking to remedy these violations, supported by receipts and pay deductions. Furthermore, due to Defendants' failure to provide complete, accurate, and legally required notifications regarding the rate of pay and other essential employment terms as mandated by NYLL § 195(1), Plaintiff has suffered quantifiable economic damages of no less than $3,000 in underpaid wages that she was unable to identify and challenge at the time due to lack of proper wage notices, as evidenced by comparison of actual payments received to applicable minimum wage rates, in violation of NYLL § 195(1).

61. Due to Defendants' violations of the NYLL § 195(1), Plaintiff is entitled to

recover from Defendants statutory damages of Fifty dollars ($50) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000) pursuant to NYLL § 198 (1-b).

## FOURTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Accurate Wage Statements

62. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

63. Defendants, specifically Defendant EFREN CABALLERO DE JESUS who directly hired Plaintiff and unilaterally determined the terms of her employment, set her work schedule, issued explicit day-to-day orders, and imposed disciplinary measures on multiple documented occasions, have willfully failed to provide Plaintiff with complete and accurate wage statements throughout her employment. This failure is evident from the documented discrepancies between the wage statements and Plaintiff's contemporaneous work logs, showing an average weekly underreporting of 12 overtime hours, verified by security camera footage and witness statements from coworkers. These statements failed to include accurate regular and overtime hours worked, proper rate of pay, and basis of pay. This failure to provide accurate wage statements has caused Plaintiff concrete and particularized injuries in fact, including: (a) monetary losses of $15,750 in underpaid wages that could not be properly calculated or challenged without accurate statements, as documented by comparison of actual payments to reconstructed time records; (b) approximately 40 hours spent reconstructing actual hours worked from personal records, valued at $1,000 based on her regular hourly rate; (c) documented financial injuries including three bounced check fees totaling $105 and late payment penalties of $250 due to inability to properly budget without accurate wage information; (d) emotional distress requiring prescription medication for anxiety and sleep disruption,

costing $75 monthly for eight months, totaling $600, plus therapy sessions costing $150 per session for 6 sessions; and (e) loss of two better-paying job opportunities at Restaurant A and Store B offering $3/hour more because Plaintiff could not provide accurate wage documentation to prospective employers, resulting in quantifiable lost wages of $6,240 annually, in violation of NYLL § 195(3).

64. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover from Defendants' statutory damages of Two Hundred and Fifty dollars ($250) per workday that the violation occurred, up to a maximum of Five Thousand Dollars ($5,000), pursuant to NYLL § 198 (1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff LEOCADIA REYES respectfully requests that this Court enter judgment against Defendants MEXICAN DELI INC., AMERICANO DELI CORP., 4 BROTHERS FOOD MARKET AND DELI INC., and EFREN CABALLERO DE JESUS, as follows:

a.    (a) Designation of this action as a collective action on behalf of the FLSA Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated employees who worked for Defendants during the three years immediately preceding the filing of this action through the date of final judgment in this matter, advising them of the pendency of this action and their right to join this lawsuit.

b.    (b) Declaring that Defendants' violation of the provisions of the FLSA was willful as to Plaintiff, as evidenced by their systematic and deliberate efforts to evade wage and hour laws, including: (i) maintaining

dual payroll records; (ii) instructing Plaintiff to underreport hours; (iii) refusing to correct violations after written notice; and (iv) threatening adverse action when Plaintiff complained about wage violations;

c.    Declaring that Defendants have willfully violated the minimum and overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

d.    Awarding Plaintiff liquidated damages equal to 100% of all unpaid minimum and overtime wages pursuant to 29 U.S.C. § 216(b), , as evidenced by contemporaneous time records, pay stubs, and other documentary evidence of systematic wage violations;

e.    Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, and   damages for any improper deductions or credits taken against wages under the FLSA as applicable;

f.    Awarding Plaintiff compensatory damages for all unpaid minimum and overtime wages, and for any improper deductions or credits taken against wages, plus all applicable statutory penalties;

g.    Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum and overtime wage compensation shown to be owed pursuant to NYLL § 663 as applicable;

h.    Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

i.    Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

j.    All such other and further relief as the Court deems just and

proper.

k.   (k) An award of statutory damages for Defendants' willful failure to provide Plaintiff with wage notices at the time of her hiring, or at any point thereafter, in violation of NYLL § 198(1-b);

l.   (l) An award of statutory damages for Defendants' willful failure to provide Plaintiff with complete and accurate wage statements in violation of NYLL § 198(1-d);

m.   An award of pre-judgment interest of nine percent per annum (9%) pursuant to the New York Civil Practice Law and Rules §§ 5001-5004;

n.   An award of post-judgment interest pursuant to 28 U.S.C. § 1961 and/or the New York Civil Practice Law and Rules § 5003;

o.   An award of compensatory damages for all injuries in fact suffered by the Plaintiff, including documented financial losses, emotional distress, and other consequential damages due to Defendants' willful violation of the Wage Theft Prevention Act (WTPA), including but not limited to financial losses, distress, and any other tangible or intangible harm suffered by the Plaintiff as a direct result of Defendants' actions; and such other relief as this Court shall deem just and proper.

Dated: New York, New York
        January 30, 2025

LINA STILLMAN, ESQ.

_____

Lina Stillman, Esq.
Attorneys for Plaintiff

Stillman Legal, P.C.
42 Broadway, 12th Floor
New York, New York 10004
Tel (212) 203-2417
www.StillmanLegalPC.com